UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NELSON KARGBO, | Case No. 15-CV-2713 (PJS/LIB) |
| Petitioner, | |
| v. | ORDER |
| JOEL BROTT, Sherburne County Sheriff; SCOTT BANIECKE, Field Office Director, Immigration and Customs Enforcement; JEH JOHNSON, Secretary of the Department of Homeland Security; LORETTA LYNCH, Attorney General of the United States; SARAH SALDAÑA, Director, Immigration and Customs Enforcement; and JIM OLSON, Carver County Sheriff, | |
| Respondents. | |

Rebecca Cassler, Katherine L. Evans, and Benjamin R. Casper, UNIVERSITY OF MINNESOTA; Ian Bratlie and Teresa J. Nelson, ACLU OF MINNESOTA; Kirsten E. Schubert, DORSEY & WHITNEY LLP, for petitioner.

Chad A. Blumenfield, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on respondents' objection to the October 2, 2015 Report and Recommendation ("R&R") [ECF No. 37] of Magistrate Judge Leo I. Brisbois. For the reasons stated on the record at the June 13, 2016 hearing and briefly summarized below, the Court sustains the objection, declines to adopt the R&R, and dismisses the case as moot.

Petitioner Nelson Kargbo came to the United States as a refugee from Sierra Leone in 2000 and became a lawful permanent resident of the United States in 2003.  In 2013, United States Immigration and Customs Enforcement ("ICE") detained Kargbo and charged him with removability for convictions of two or more crimes of moral turpitude and conviction of an aggravated felony.  An immigration judge then ordered Kargbo removed to Sierra Leone.

Kargbo experienced two years of detention while he litigated his case through multiple rounds of removal proceedings and appeals.  In July 2015, an immigration judge granted Kargbo deferral of removal to Sierra Leone pursuant to Article 3 of the Convention Against Torture, but found Kargbo removable to any country other than Sierra Leone.  Following that order, ICE continued to detain Kargbo.

In June 2015—before the immigration judge ordered Kargbo removed to any country other than Sierra Leone—Kargbo filed a habeas petition to challenge his *pre-removal-order* detention.  In September 2015—after the immigration judge entered the removal order—Kargbo filed a supplemental habeas petition to challenge his *post-removal-order* detention.  Judge Brisbois then issued the R&R, which recommends that the Court deny Kargbo's habeas petition as moot, grant his supplemental habeas petition, and issue a writ releasing Kargbo from custody subject to conditions.

Six days after Judge Brisbois issued the R&R, ICE released Kargbo from custody subject to conditions. Respondents then objected to the R&R, mainly arguing that the case had become moot because Kargbo is no longer in custody. Kargbo disagrees and asks the Court to adopt the R&R. On June 13, 2016, after receiving supplemental briefing, the Court held a hearing on respondents' objection to the R&R.

The Court sustains the objection and dismisses Kargbo's habeas petitions as moot for the reasons described on the record at the June 13, 2016 hearing. To reiterate briefly: Both parties agree that ICE released Kargbo pursuant to 8 C.F.R. § 241.13, which applies when an "alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." § 241.13(a); *see also* § 241.4(b)(4). As the Court interprets the law—and as ICE has explicitly confirmed on the record—Kargbo can be taken back into custody under only two circumstances: (1) if he violates his release conditions or (2) if ICE finds "a third country willing to accept [him] into their borders on a permanent basis." ECF No. 46 at 2. This is consistent with the revocation provisions of § 241.13(i).

If the Court were to grant the relief Kargbo requests by adopting Judge Brisbois's R&R, Kargbo would still be subject to the order of removal. The government would still have the right—indeed, the obligation—to impose release conditions in an order of

supervision under 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.13(h). Kargbo could still be taken into custody if he violated his release conditions or circumstances changed such that there was a significant likelihood of removal in the reasonably foreseeable future.

In other words, if the Court adopted the R&R and gave Kargbo every bit of the relief that he seeks in his supplemental habeas petition, Kargbo would find himself in *precisely* the situation in which he already finds himself. Absolutely nothing would change. This is the very definition of mootness. *See Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013).

Kargbo's arguments that his case is not moot are unpersuasive:

First, there are no collateral consequences arising from the allegedly unlawful detentions. The things of which Kargbo complains—being subject to release conditions and the possibility of being taken back into custody if ICE finds another country that will permanently accept him—are not consequences of the *detentions*, but consequences of the *removal order*. Kargbo's habeas petitions do not—and could not—challenge the removal order; instead, they challenge only his detentions, which have now ended. Kargbo's habeas petitions also do not—and could not—challenge the lawfulness of his release conditions. (After all, the habeas petitions were filed before Kargbo was released and the conditions were imposed.) If Kargbo believes that ICE acted unlawfully in imposing one or more of those conditions, he can bring a new action

challenging those conditions; but no such challenge is included in Kargbo's pending habeas petitions.

Second, this case does not fit within the exception to the mootness doctrine for conduct that is capable of repetition yet evading review. *See United States v. Stanko*, 762 F.3d 826, 828 (8th Cir. 2014). If the government takes Kargbo into custody in the future, the government will be acting on the basis of facts and legal authority that are different from the facts and legal authority on which the government relied in imposing the detentions challenged in Kargbo's habeas petitions. The government cannot take Kargbo into custody in the future unless he violates a release condition or unless circumstances change and, based on those changed circumstances, Kargbo's removal becomes significantly likely in the reasonably foreseeable future. In other words, the new detention will not be a "repeat" of either of the detentions that Kargbo challenged in his habeas petitions; it will be a different type of detention that will be based on a different justification.

Third, this is not a case in which the government voluntarily ceased allegedly unlawful conduct but is free to restart such conduct at whim. *See Already*, 133 S. Ct. at 727. To the contrary, by releasing Kargbo under 8 C.F.R. § 241.13, the government has placed itself under new legal limitations—limitations that did not exist at the time that Kargbo filed his habeas petitions and that make it impossible for the government to

resume the objectionable conduct. Again, while it is certainly possible for the government to again detain Kargbo illegally, that detention would be illegal for different factual and legal reasons than the detentions challenged by Kargbo in his habeas petitions. It is now impossible for the government to repeat the *same* unlawful conduct that Kargbo challenged, and thus this case does not fall into the voluntary-cessation exception to the mootness doctrine.

Finally, the Court is not persuaded by Kargbo's argument that his release is illusory because ICE has imposed nearly impossible conditions that make it all but certain that the government will take Kargbo back into custody. On first glance, the release conditions appear to be the standard conditions that ICE commonly imposes; the conditions certainly do not appear to be so stringent as to make it a near certainty that Kargbo will be detained again. In any event, as the Court has already explained, Kargbo's habeas petitions do not challenge the lawfulness of his release conditions, and thus that issue is not before the Court.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court SUSTAINS respondents' objection [ECF No. 38] and DECLINES TO ADOPT the R&R [ECF No. 37] because this case has become moot. Accordingly, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] is DENIED AS MOOT.

2. Petitioner's supplemental habeas petition pursuant to 28 U.S.C. § 2241 [ECF No. 29] is DENIED AS MOOT.

3. This action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 6, 2016                              s/Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge